**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4068**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JEREMY LEE PRATT, a/k/a Candyman,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:11-cr-00416-TLW-11)

Submitted:  August 14, 2012        Decided:  September 7, 2012

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brown W. Johnson, CLARKE, JOHNSON, PETERSON & MCLEAN, PA,
Florence, South Carolina, for Appellant.  Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Lee Pratt pled guilty in accordance with a written plea agreement to conspiracy to distribute five kilograms or more of cocaine, 280 grams or more of crack cocaine, fifty kilograms or more of marijuana, and a quantity of methamphetamine, in violation of 21 U.S.C. § 846 (2006). He was sentenced to 240 months in prison. Pratt now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the sentence is unreasonable but stating that there are no meritorious issues for appeal. Pratt was advised of his right to file a pro se supplemental brief, but has not filed such a brief. We affirm.


I

Pratt's advisory Guidelines range was 235-293 months. There were no objections to the presentence investigation report, which the court adopted. In imposing the 240-month sentence, the district court mentioned that: Pratt's offense was both significant and serious; Pratt had an extensive criminal history, including some assaults, but had served little time for his offenses; he committed the instant offense while on probation; and he had shown no respect for the law. The court also considered Pratt's difficult childhood.

2

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We first determine whether the district court correctly calculated the defendant's advisory Guidelines range, considered the applicable 18 U.S.C.A. § 3553(a) (West Supp. 2011) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). With respect to the explanation of the sentence, the court "must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of procedural error, we then review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 576. This review requires us to consider the totality of the circumstances and to decide "whether the sentence was reasonable — i.e., whether the [d]istrict [j]udge abused his discretion in determining that the § 3553(a) factors supported" the selected sentence. Gall, 552 U.S. at 56.

We conclude that the district court did not abuse its discretion in imposing the 240-month sentence. The court fully complied with the required procedures, providing an

3

individualized assessment and appropriately taking into account the § 3553(a) factors. The sentence, which falls within the correctly calculated Guidelines range, is presumptively reasonable, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008), and Pratt did not rebut this presumption.

## III

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Pratt's conviction and sentence. Counsel's motion to withdraw is denied at this time. This court requires that counsel inform Pratt, in writing, of the right to petition the Supreme Court of the United States for further review. If Pratt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pratt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED